UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                                     Chapter 11

Ricardo Borrego,                         Case Number 24-51513

    Debtor.                                     Hon. Mark A. Randon

_____/

**MEMORANDUM OPINION: (1) OVERRULING OBJECTION;
(2) APPROVING FEE APPLICATION; AND (3) CANCELING HEARING**

**I.     INTRODUCTION**

On December 5, 2024, Osipov Bigelman, P.C. prepared and filed an emergency Chapter 11 bankruptcy petition on Debtor's behalf. The firm worked with Debtor to gather information to file Schedules and other required pleadings; represented Debtor at the Initial Debtor Interview, 341 Meeting of Creditors, and initial scheduling conference; and communicated with the United States Trustee, the Official Committee of Unsecured Creditors, and various other creditors. The Court authorized Osipov Bigelman, P.C.'s employment after the United States Trustee filed a Statement of Consent. But following a breakdown in the attorney-client relationship, the Court granted Osipov Bigelman, P.C.'s motion to withdraw. On February 13, 2025, the Court authorized the employment and retention of Strobl PLLC as substitute counsel for Debtor.

Before the Court is Osipov Bigelman, P.C.'s application for compensation. The firm seeks $31,275 in fees and $1,801.45 in expenses. Strobl PLLC objected. After careful review of the application, the Court **OVERRULES** Strobl PLLC's objection and **APPROVES** the application for compensation.

**II.    APPLICABLE LAW AND ANALYSIS**

### A. Strobl PLLC's Objection is Untimely

Osipov Bigelman, P.C. filed this application for compensation on March 12, 2025. The Certificate of Service indicates that it was electronically filed with the Clerk of the Court, and the Electronic Case Filing system would send notification to parties currently on the list to receive email notice/service for this case. This is permissible under the Bankruptcy Rules. *See* Federal Rule of Bankruptcy Procedure 9036(b)(1) ("The clerk may send notice to or serve a registered user by filing the notice or paper with the court's electronic-filing system."). Osipov Bigelman's Certificate of Service lists Strobl PLLC as the *first* party to receive electronic notification. "Electronic notice or service is complete upon filing or sending[.]" Federal Rule of Bankruptcy Procedure 9036(d). Here, notice was complete on March 12, 2025.

Local Bankruptcy Rule 9014-1(b) provides that "the deadline to respond to any motion is . . . 21 days after service for matters covered by F.R.Bankr.P. 2002(a)." This applies to "a hearing on any entity's request for compensation or reimbursement of expenses if the request exceeds $1,000." Federal Rule of Bankruptcy Procedure 2002(a)(6). Because Osipov Bigelman, P.C. filed its application for compensation on March 12, 2025, the 21-day deadline to object expired on April 2, 2025. Strobl PLLC did not file its objection until the 27th day–on April 8, 2025. However, this does not end the analysis. Federal Rule of Bankruptcy Procedure 9006(b) allows the Court to extend the deadline–for cause shown–under two scenarios: (1) with or without motion or notice if the request is made before expiration of the deadline; or (2) on motion made after the expiration of the deadline where the failure to act was the result of excusable neglect. Strobl PLLC did not request an extension of time or file a motion indicating that its failure to act timely resulted from excusable neglect. As such, Strobl PLLC's objection is

untimely. *See In re Ozcelebi*, 631 B.R. 629, 647 (Bankr. S.D. Tex. 2021) (overruling objection to fee application because the objection was not timely, and the objecting party failed to seek an extension or file a motion based on excusable neglect).

Under the Bankruptcy Code, an act is authorized "without an actual hearing if . . . notice is given property and if . . . a hearing is not requested timely by a party in interest." 11 U.S.C. § 102(1)(B)(i). The Court finds Strobl PLLC had appropriate notice of Osipov Bigelman, P.C.'s application for compensation, and its request for a hearing (i.e., the objection) was not timely. Therefore, the Court is authorized to act without an actual hearing.

### B. *Osipov Bigelman, P.C's Application for Compensation Satisfies the Lodestar Method of Fee Calculation*

Although the objection was untimely, the Court still has an independent obligation to review the application for compensation for reasonableness. As the Sixth Circuit has stated:

> [C]ompensation awards are authorized by 11 U.S.C. § 330, which provides, in part, for "*reasonable* compensation for actual, necessary services rendered . . . based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title[.]"

*Boddy v. U.S. Bankr. Court (In re Boddy)*, 950 F.2d 334, 336-37 (6th Cir. 1991) (emphasis added). "The Supreme Court has made it clear that the lodestar method of fee calculation is the method by which federal courts should determine reasonable attorney's fees under federal statutes which provide for such fees. *Id.* at 337. The "lodestar" amount is calculated by multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended. *Id.*

The Court reviewed Osipov Bigelman, P.C.'s billing report and finds the hourly rate and

the hours expended are reasonable. The Court also considered the novelty of the issues presented, the difficulty of the case, and the expertise of counsel. Under the lodestar analysis and consideration of other factors, the Court approves the application for compensation.

## III. CONCLUSION

Because Strobl PLLC's objection was untimely, and Osipov Bigelman P.C.'s application for compensation is reasonable, the Court **OVERRULES** Strobl PLLC's objection. Osipov Bigelman, P.C.'s fee application is **APPROVED**.

The hearing set for April 14, 2025, is **CANCELED**.

**IT IS ORDERED**.
**Signed on April 13, 2025**

/s/ Mark A. Randon
Mark A. Randon
United States Bankruptcy Judge